Christopher C. Voigt
Kenneth K. Lay
John M. Semmens
CROWLEY FLECK, PLLP
900 North Last Chance Gulch, Suite 200
P.O. Box 797
Helena, MT  59624
(406) 449-4165
(406) 449-5148
cvoigt@crowleyfleck.com
klay@crowleyfleck.com
jsemmens@crowleyfleck.com

*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| LYNN TRENARY,<br><br>             Plaintiff,<br><br>vs.<br><br>SAFARILAND GROUP, AKA THE SAFARILAND GROUP, AKA SAFARILAND LLC OF JACKSONVILLE FLORIDA, AND DOES, AND ROES 1-3.<br><br>             Defendants. | Cause No.:  CV-19-56-BU-SEH<br><br>**AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Safariland, LLC ("Safariland"), pursuant to its right under Rule

15(a)(1)(A) Fed. R. Civ. P. to amend its pleading once as a matter of course within

21 days after service, files this Amended Answer to the Complaint and Demand for Jury Trial (the "Complaint") filed by Plaintiff Lynn Trenary ("Trenary").

1. Upon information and belief, Safariland admits the factual allegations contained in paragraph 1 of the Complaint.

2. Safariland admits that it is a Limited Liability Company based in Jacksonville, Florida. Safariland admits that, among other services, it provides training courses for law enforcement officers including courses relating to active shooter events. Safariland admits its instructors may use instructional materials prepared by Safariland, but is otherwise uncertain what "trainers" or "materials" Plaintiff is referring to in paragraph 2 of the Complaint. Safariland denies all remaining factual allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint does not contain factual allegations addressed to Safariland, and therefore no response is required. To the extent paragraph 3 of the Complaint does contain any factual allegations addressed to Safariland, Safariland denies them.

4. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 4 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 4 of the Complaint on that basis.

5. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 5 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 5 of the Complaint on that basis.

6. Safariland lacks knowledge or information sufficient to form a belief at this time about the truth of the factual allegations contained in paragraph 6 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 6 of the Complaint on that basis.

7. Safariland denies all factual allegations contained in paragraph 7 of the Complaint.

8. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 8 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 8 of the Complaint on that basis.

9. Safariland lacks knowledge or information sufficient to form a belief at this time about the truth of the factual allegations contained in paragraph 9 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 9 of the Complaint on that basis.

10. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 10 of the

Complaint, and Safariland therefore denies all factual allegations contained in paragraph 10 of the Complaint on that basis.

11. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 11 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 11 of the Complaint on that basis.

12. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 12 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 12 of the Complaint on that basis.

13. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 13 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 13 of the Complaint on that basis.

14. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 14 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 14 of the Complaint on that basis.

15. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 15 of the

Complaint, and Safariland therefore denies all factual allegations contained in paragraph 15 of the Complaint on that basis.

16. Safariland lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in paragraph 16 of the Complaint, and Safariland therefore denies all factual allegations contained in paragraph 16 of the Complaint on that basis.

## COUNT 1

17. Safariland denies the allegations of paragraph 17 of the Complaint.

18. Safariland denies the allegations of paragraph 18 of the Complaint.

19. Safariland denies the allegations of paragraph 19 of the Complaint.

20. Safariland denies the allegations of paragraph 20 of the Complaint.

21. Numbered paragraphs 1-3 on Page 4 of the Complaint contain Trenary's prayer for relief, and do not appear to contain any factual allegations requiring a response from Safariland. To the extent any response is required, Safariland denies any factual allegations, and denies Trenary is entitled to the relief requested in Paragraphs 1-3 of her prayer for relief.

## **GENERAL DENIAL**

To the extent any factual allegation contained in Trenary's Complaint requires a response and it is not effectively responded to above, Safariland denies all such factual allegations.

## SAFARILAND'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Trenary's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claim contained in Trenary's Complaint is barred by the applicable statute of limitations.

### Third Affirmative Defense

Trenary's damages, if any, were proximately caused by her own acts, omissions, or misconduct, and not by any act or omission of Safariland, and should therefore be barred or diminished in accordance with applicable law, including Montana Code Annotated § 27-1-702.

### Fourth Affirmative Defense

The injuries and damages claimed by Trenary were not caused by Safariland, but resulted from superseding and/or intervening causes over which Safariland had no control and which were not foreseeable to Safariland.

### Fifth Affirmative Defense

Trenary's claims are barred, in whole or in part, because she failed to mitigate her damages and the damages she may recover, if any, should be diminished accordingly.

### Sixth Affirmative Defense

To the extent that Trenary was damaged, such damages were caused by the negligent acts, omissions, or misconduct of parties or persons other than Safariland, over whom Safariland had no control or responsibility, without any wrongdoing by Safariland, and the liability of Safariland (if any), should be reduced in proportion to the conduct of other parties and non-parties to this action, pursuant to Montana Code Annotated § 27-1-703(4).

### Seventh Affirmative Defense

Trenary's damages, if any, were caused in full or in part by persons with whom Trenary has settled or who Trenary has released from liability as described in Montana Code Annotated § 27-1-703(6), including the City of Helena, Montana and Helena School District #1, and the liability of such persons must be considered by the trier of fact in apportioning negligence

### Eighth Affirmative Defense

Trenary is entitled to only a single recovery for her injuries and the damages she may recover from Safariland, if any, must be reduced *pro tanto*, dollar-for-dollar, by the consideration paid by other settling tortfeasors including the City of Helena, the Helena School District, and/or those parties' agents or insurers, for the same injuries.

### Ninth Affirmative Defense

Plaintiff's damages must be reduced by any amount paid or payable from a collateral source pursuant to Montana Code Annotated § 27-1-308.

### Tenth Affirmative Defense

Trenary knew about the risks associated with the activities described in her Complaint, and voluntarily assumed and/or undertook those risks that led to her alleged injuries.

### Eleventh Affirmative Defense

Trenary's Complaint is barred by the doctrines of laches, waiver, estoppel, or *res judicata*.

### Twelfth Affirmative Defense

The claim contained in Trenary's Complaint is barred by applicable Montana and/or federal law.

### Thirteenth Affirmative Defense

Safariland has no legal relationship or privity with Trenary and owed no duty to Trenary by which liability could be attributed to Safariland.

### Fourteenth Affirmative Defense

The "sophisticated purchaser" or "learned intermediary" doctrine, or its equivalent reasoning, bars Trenary's claims. Trenary has no cause of action based

on an alleged failure to warn participants in a training course offered by the Helena Police Department. Safariland's duty to warn, if any, applied only to the law enforcement entities and/or personnel who participated its training course, who acted as learned intermediaries between Safariland and any subsequent consumers (including Plaintiff) of any separate products or services offered by such law enforcement personnel. Safariland provided adequate and complete warnings and instruction to the law enforcement attendees of its training course. Accordingly, Plaintiff's claims are barred, in whole or in part, by the learned intermediary and/or sophisticated user doctrine and/or the legal principles found in or equivalent to Section 388 of the Restatement (Second) of Torts.

### Fifteenth Affirmative Defense

Trenary's claims are barred because her alleged injuries and damages, if any, were caused by medical conditions, diseases, illnesses, or processes (whether pre-existing or contemporaneous) unrelated to any conduct of Safariland.

### Additional Affirmative Defenses

Safariland expressly reserves the right to supplement and state additional affirmative defenses in the event that additional information becomes available.

### RELIEF SOUGHT

Safariland respectfully requests the Court grant the following relief:

1. Dismissal of Trenary's Complaint with prejudice and/or that Trenary take nothing by way of her Complaint;

2. For Safariland's reasonable attorneys' fees and costs; and

3. For any other such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Safariland demands a trial by jury on all issues triable by jury in this action.

DATED this 14th day of November, 2019.

        CROWLEY FLECK PLLP


        By: /s/ Kenneth K. Lay
            Christopher C. Voigt
            Kenneth K. Lay
            John M. Semmens

            *Attorneys for Defendant*
            *Safariland, LLC*