

Rick Pyfer
DOUBEK, PYFER & STORRAR
PO Box 236
Helena MT 59624
Telephone: (406) 442-7830
Facsimile: (406) 442-7839
rick@lawyerinmontana.com

FILED

JUN 0 7 2019

by Tom Powers, Clerk
Deputy Clerk
$120⁰⁰

*Attorneys for Plaintiff*

MONTANA SECOND JUDICIAL DISTRICT SILVER BOW COUNTY

| | |
|---|---|
| LYNN TRENARY,<br><br>Plaintiff,<br><br>v.<br><br>SAFARILAND GROUP, AKA "THE SAFARILAND GROUP, AKA SAFARILAND LLC OF JACKSONVILLE FLORIDA, AND DOES, AND ROES 1-3.<br>Defendant. | Cause No. DV-19-150<br>KURT KRUEGER<br>Judge, Dept. 1<br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL<br><br>SUMMONS ISSUED |

1. At all times relevant to this complaint Plaintiff was a resident of Helena, Montana.

2. "Safariland Group" (Safariland) is a corporation or business entity based in Jacksonville, Florida which provides training courses for law enforcement officers and others related to "Active Shooter" events. The trainers from Safariland use materials prepared by Safariland for their Active Shooter Training ("ACT") sessions.

3. Does 1 through 3 are any businesses or entities not identified in paragraph No. 2 above who are responsible for the presentation and demonstration of Safariland

Training course information or the conduct of the training session which was attended by the Helena Police Department officers in January 2014.

4. On or about Friday, June 10, 2016, Plaintiff, Lynn Trenary ("Lynn"), and her husband, Greg Trenary ("Greg"), teachers of School District No. 1 Helena, attended a mandatory "Active Shooter Training" course held at the Project for Alternative Learning ("PAL") Building on Front Street in Helena, Montana.

5. The course was conducted by the City of Helena Police Department ("HPD") to train teachers how to respond to an "Active Shooter" situation in Helena Schools. Officer Loren Mardis and Bryan Beniger of the HPD were in charge of this teacher training course.

6. Officers Beniger and Mardis attended and were trained at an ACT session in Butte Montana presented by Safariland in January 2014. They used the Safariland training course materials and followed the training they received from Safariland in the Butte session when they taught the ACT at the PAL building on June 10, 2014.

7. The Safariland training did not emphasize or mandate the requirement that hearing protection (ear plugs) be provided or offered to the participants of the ACT classes. Nor, did the Safariland training adequately explain, demonstrate, or teach the requirement that gunshots should not be fired in close proximity to class participants.

8. Lynn was not provided hearing protection of any type (i.e., ear plugs) prior to Officer Brian Beniger of the HPD entering the building and firing blank ammunition from his firearm. Nor was hearing protection (ear plugs) offered to participants, including Lynn at any time prior to the gunshots fired by officer Beniger- noted above.

2

9.  Defendant Safariland's training course information suggested "blanks" be fired during the training course. There was no information about usage of less damaging alternative guns or bullets (i.e. air soft guns or air soft bullets) in the training materials used to teach the two Helena police officers. Firing blank bullets from a Ruger SP101 Double Action Revolver presented was not safe.

10. Plaintiff was not warned that the Ruger firearm would be discharged in close proximity to her and her husband. She was approximately 20 feet from the officer when he came in from the front entry door of the building and fired his handgun.

11. No warning had been given that Plaintiff should cover her ears. When Officer Beniger was in the entryway shouting, she thought he was giving instruction and was trying to hear and understand what he was saying.

12. There was no time for Plaintiff to react and cover her ears when Officer Beniger started shooting.

13. The officer was assuming the role of an "Active Shooter." After the shots were fired, Plaintiff, her husband Greg, and others at her table ran for cover in rooms down the hallway per earlier instructions in the training process.

14. After the shots were fired, Plaintiff immediately felt hearing loss and numbness in her left ear. At the same time or immediately after she experienced a loud ringing in her ears.

15. Plaintiff requested ear protection thereafter and ear plugs were then provided.

16. As a result of the close proximity of the shots fired and the usage of blank ammunition fired from the Ruger revolver rather than air soft bullets from an air soft gun, or some other less noisy alternative, Plaintiff suffered serious permanent hearing loss to both ears and a permanent ear noise disturbance, diagnosed as tinnitus.

3

## COUNT I NEGLIGENCE

17. Defendant failed to use reasonable care by failing to properly train the attendees at the Butte ACT training on safe methods to conduct the training exercise.

18. Defendant failed to use reasonable care by failing to properly warn the attending teachers, including police officers at the seminar of the danger of hearing injuries from shooting blank ammunition in close proximity and in an enclosed environment.

19. Defendant failed to exercise reasonable care by failing to recommend to the officers at the Butte training seminar to use air soft guns and bullets or other alternative rather than handguns in close proximity to these teachers.

20. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious permanent hearing loss, a permanent tinnitus condition, and other harm and loss financially, emotionally and physically.

WHEREFORE, Plaintiff prays for the following relief from Defendant:

1)   General and special compensatory damages for her permanent injuries.

2)   Costs and disbursements herein.

3)   All other relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a right by jury.

DATED this _6th_ day of June 2018.

DOUBEK, PYFER & FOX, PC

By _____
Rick Pyfer
Attorney for Plaintiff

4